\_\_\_✓ FILED  \_\_\_ ENTERED
\_\_\_ LOGGED  \_\_\_ RECEIVED

11:18 am, Aug 08 2025
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY \_\_\_\_\_AR\_\_\_\_\_Deputy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ATI HOLDINGS, LLC; ATHLETIC & THERAPEUTIC INSTITUTE OF NAPERVILLE, LLC; ATI PHYSCIAL THERAPY, INC.; and RAY WAHL,<br><br>*Petitioners,*<br><br>v.<br><br>GILMAN & BEDIGIAN, LLC, and RAFAEL LAW, LLC,<br><br>*Respondents.* | Misc. Case No. 25-cv-2621-SAG<br><br>**PUBLIC – REDACTED**<br><br>Underlying Action:<br><br>*Morsberger, et al. v. ATI Holdings, LLC, et al.*, No. 1:22-cv-01181 (N.D. Ill.) |

## MEMORANDUM IN SUPPORT OF PETITIONERS' MOTION TO COMPEL DEPOSITION TESTIMONY OF GILMAN & BEDIGIAN, LLC, & RAFAEL LAW, LLC

1

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................... 3

    A.   Pending Litigation ............................................................................................................. 3

    B.   Current Dispute Between Petitioners and PI Firms ......................................................... 4

LEGAL STANDARD ....................................................................................................................... 8

ARGUMENT .................................................................................................................................... 8

    A.   The Testimony Petitioners Seek Is Relevant to Class Discovery ....................................... 8

    B.   The Depositions Are Proportional and Not Unduly Burdensome for the PI Firms .......... 10

    C.   Petitioners Have Repeatedly Assured the PI Firms That They Will Avoid Testimony Implicating Privilege or Ethical Concerns ...................................................................... 12

CONCLUSION ............................................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*O'Malley v. Trader Joe's E., Inc.*,
   Inc., No. CV RDB-19-3273, 2020 WL 6118841, at *2 (D. Md. Oct. 15, 2020) .................. 8, 10

*Papanicolas v. Project Execution & Control Consulting, LLC*,
   No. CIV.A. CBD-12-1579, 2015 WL 1242755 (D. Md. Mar. 17, 2015) .................................. 8

*Parler & Wobber v. Miles & Stockbridge*,
   359 Md. 671 (2000) ........................................................................................................... 13

*Tucker v. Ohtsu Tire & Rubber Co.*,
   191 F.R.D. 495 (D. Md. 2000) ........................................................................................ 8, 12

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................................... 8

Fed. R. Civ. P. 37 ................................................................................................................. 7, 10

Fed. R. Civ. P. 45 .................................................................................................................. 6, 8

## INTRODUCTION

Petitioners ATI Physical Therapy, Inc. and its party-affiliates[1] (collectively, "ATI" or "Petitioners") respectfully seek the assistance of this Court to compel compliance with subpoenas (the "Subpoenas") issued to Gilman & Bedigian, LLC, and Rafael Law, LLC (together, "Respondents" or "PI Firms") to produce Rule 30(b)(6) representatives for short depositions on the narrow, non-privileged topics identified in the Subpoenas.

The Subpoenas underlying this Motion were issued out of a putative consumer fraud class action pending in the Northern District of Illinois (the "Action"). In that Action, the two named plaintiffs—who received treatment from ATI after sustaining injuries caused by third parties—claim that ATI, a provider of physical therapy services, engaged in fraudulent billing practices for its patients injured in accidents and who may have had tort or auto insurance recoveries. Specifically, Plaintiffs claim that ATI should have billed patients' health insurance for treatment rather than recover against the patients' tort recoveries. The Action has not been certified as a class action and is presently in class discovery. Named Plaintiff Stanley Morsberger presents several fatal defects as a representative plaintiff, including that he, represented by the PI Firms Subpoenaed here, *settled* his charges for treatment at ATI in connection with his personal injury case thereby releasing any claim against ATI for overpayment. The circumstances around this settlement are thus of central importance to his adequacy to serve as a class representative. At the same time, however, Mr. Morsberger has produced a mere 35 documents, none of which contain meaningful information about his personal injury lawsuit. And it is clear that the PI Firms who represented Mr. Morsberger in his personal injury case, not Mr. Morsberger himself, handled his

---

[1] ATI Physical Therapy, Inc.'s affiliates named as defendants in the underlying action include ATI Holdings, LLC, Athletic & Therapeutic Institute of Naperville, LLC and Ray Wahl.

1

physical therapy costs and settlement with ATI. It is therefore vital that ATI be allowed to undertake a short deposition of the PI Firms to obtain crucial discovery relevant to class certification.

The topics proposed by ATI for these depositions are narrow and focus on counsel's interactions with third parties—they do *not* implicate attorney-client communications or work product—and ATI expects that the PI Firms will be fully entitled to assert privilege and work product where it applies. Indeed, Zachary Lipp of Wingfield, Ginsburg & Lipp, P.C., personal injury counsel for the other named Plaintiff, Clementine Eluh, has already sat for a short, narrow deposition in relation to her personal injury case, with no significant controversies over privilege or similar matters. The PI Firms here, having received the materially same, valid subpoena, and having no basis to refuse compliance, should be ordered to do likewise.

Since the service of the subpoenas in December 2024, the PI Firms have refused to produce their representatives for depositions, contending that such depositions would implicate privileged information, attorney work product, and impose an undue burden. Petitioners, however, have repeatedly assured the PI Firms that the depositions will not seek privileged or work-product information and have made good faith efforts to minimize any burden, including offering to conduct the depositions at locations convenient for Ms. Geisser and Mr. Rafael, such as their Maryland offices. Over the past eight months, Petitioners have engaged in extensive discussions with the PI Firms to address their concerns, received document productions five months after the subpoenas were issued, and promptly reiterated the necessity of depositions after reviewing those productions. Despite these efforts, the PI Firms have continued to refuse to cooperate, resulting in an impasse. With discovery deadlines approaching, Petitioners can no longer afford further delay.

Accordingly, Petitioners respectfully request that the Court order Gilman & Bedigian, LLC and Rafael Law, LLC to produce Lauren Geisser and Elan Rafael, as Rule 30(b)(6) representatives, for depositions in accordance with Petitioners' subpoenas.

## FACTUAL BACKGROUND

### A. Pending Litigation

In March 2022, Stanley Morsberger and Clementine Eluh (the "Class Plaintiffs") filed a putative class action against Petitioners in the Northern District of Illinois, alleging various state and federal statutory and common-law claims, based on the allegation that ATI failed to properly bill insurers, and charged patients seeking treatment following a personal injury accident the full price for services rather than negotiated rates with those insurers. Class Plaintiffs, purporting to represent both a Maryland and nationwide class, seek tens of millions of dollars in damages. *See* First Am. Compl. ¶¶ 31, 63, 162, *Morsberger v. ATI Holdings, LLC*, No. 1:22-cv-01181 (N.D. Ill. Mar. 04, 2022), ECF No. 68. In January 2024, following Petitioners' motion to dismiss, the Court dismissed several of Class Plaintiffs claims, allowing only a claim brought under Maryland's consumer protection act and a claim for unjust enrichment and money had and received to proceed. *See Morsberger v. ATI Holdings, LLC*, No. 1:22-cv-01181, 2024 WL 308465, at *5 (N.D. Ill. Jan. 26, 2024).

Prior to undertaking substantial document collection and review efforts, Petitioners moved to deny class certification, arguing that the named plaintiffs are inadequate class representatives as they are subject to significant plaintiff-specific defenses, and that material differences in state unjust enrichment laws would render a nationwide class unmanageable. Def.'s Mem. Supp. Den. Class Certification at 6–7, *Morsberger*, No. 1:22-cv-01181 (N.D. Ill. Mar. 04, 2022), ECF No. 152. In response, Class Plaintiffs argued that they required class discovery to oppose the motion,

3

and the Court ultimately allowed class discovery to proceed as it relates to Class Plaintiffs' two remaining claims. *See* Order, *Morsberger*, ECF. No. 162.

Class discovery commenced in April 2024 and is currently scheduled to end on October 31, 2025. *See* Minute Entry, *Morsberger*, ECF No. 214. The parties completed their document productions and have begun taking depositions.

**B.  Current Dispute Between Petitioners and PI Firms**

On December 6, 2024, Petitioners served Gilman & Bedigian, LLC and Rafael Law, LLC with subpoenas for documents and deposition testimony. *See* Decl. of Timothy R. Farrell ("Farrell Decl.") ¶ 7, Ex. 1, Ex. 2.[2] The subpoenas included various document requests and sought testimony on the following topics:

1. The PI Firms' relationship with Mr. Morsberger;

2. The PI Firms' communications with ATI regarding Mr. Morsberger's accident or treatment;

3. The PI Firms' communications with ATI regarding ATI's billing policies and procedures;

4. The PI Firms' communications with insurers regarding Mr. Morsberger's accident or treatment;

5. The settlement or resolution of any claims related to the accident;

6. The PI Firms' or Mr. Morsberger's receipt or payment of any bills from ATI;

7. The PI Firms' relationship with Grant & Eisenhofer P.A. or Gordon, Wolf & Carney, Chtd., who now represent the Class Plaintiffs in the Class Action; and

8. Any documents, communications, or items The PI Firms produce in response to the subpoena.

---

[2] Petitioners also subpoenaed Wingfield, Ginsburg & Lipp, P.C., which was the firm that represented the other named Plaintiff, Clementine Eluh, in her underlying personal injury case. Zachary Lipp produced documents and was deposed on July 25, 2025, without the need for a court order. Farrell Decl. ¶ 21.

4

Ex. 1 at 8; Ex. 2 at 8–9. In addition, the subpoena to Rafael Law, LLC also included a topic regarding the request for billing discount sent to ATI on September 8, 2020. Ex. 2 at 8–9.

ATI's reason for serving these subpoenas was two-fold. First, Class Plaintiffs' attorneys at the PI Firms acted as their agents in the underlying personal injury cases, and thus may have waived, forfeited, or otherwise undermined Class Plaintiffs' theory of fraud. *See, e.g.*, Def.'s Mem. Supp. Den. Class Certification at 5, *Morsberger*, ECF No. 152. For example, Mr. Morsberger, through his attorney at Rafael Law, ███████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████ Ex. 9. Second, ATI learned that the Class Plaintiffs had very few responsive documents in their possession—*e.g.*, Mr. Morsberger (and his wife) produced 35 documents (178 pages) total. Farrell Decl. ¶¶ 3–6. Because Mr. Morsberger had so few documents relevant to the claims and defenses, ATI needed to supplement this dearth of evidence by obtaining non-privileged documents from his personal injury attorneys. ATI understood that the PI Firms would have communicated on Mr. Morsberger's behalf with third parties (*e.g.*, insurance companies), other parties to Mr. Morsberger's personal injury case, and healthcare providers regarding payment of medical expenses, including the expenses for physical therapy from ATI that now serve as the basis for Mr. Morsberger's claims in the Action.

Unfortunately, the PI Firms' present refusal to sit for a short deposition is the latest in a pattern of stringing out ATI's discovery requests via its subpoena with the apparent hope that ATI will give up on its right to obtain relevant discovery. Beginning on December 18, 2024, Wingfield, Ginsburg & Lipp, P.C. requested a "reasonable extension to provide responses and objections." Ex. 3 at 4–5. When Petitioners offered a three-week extension, Ms. Geisser, on behalf of all three Firms, stated that February 2025—nearly two months from the date of service—was the earliest

date the PI Firms could provide responses and objections. *Id.* at 2–4. Petitioners agreed, but noted their expectation that the PI Firms would "not only [serve] responses and objections on January 31, *but also responsive documents*." *Id.* at 2.

On February 4, 2025, Ms. Geisser sent a letter, which the other PI Firms joined, simply demanding that Petitioners withdraw their subpoenas entirely, arguing that they violated ethical rules, were issued prematurely, were overbroad, and sought privileged and confidential information. Ex. 4; Ex. 5 at 33–34. On April 9, 2025, Petitioners addressed each of the concerns and requested to meet and confer. Ex. 6. After weeks of back-and-forth, the parties finally held a meet and confer on May 2, during which Petitioners affirmed that they were seeking non-privileged information and communications related to their prior representation of Mr. Morsberger and Ms. Eluh. Farrell Decl. ¶ 15. The PI Firms eventually agreed to produce their respective clients' case files, including all non-privileged communications. Ex. 8 at 1. In response, Petitioners "agree[d] to continue any deposition notices, pending review of [the] productions," *Id.* at 2, and to resolve issues regarding the depositions informally, Ex. 5 at 23–24. But if depositions were determined necessary, the parties agreed to "negotiate a reasonable time and place for those depositions, consistent with Federal Rule of Civil Procedure 45." Ex. 8 at 2.

On May 13 and May 27, Petitioners received productions from the PI Firms, amounting to 109 pages in total. Ex. 5 at 18–19; Farrell Decl. ¶¶ 17–18. On May 28, after reviewing the productions and determining that additional information was needed, Petitioners confirmed with the PI Firms that depositions were necessary. Ex. 5 at 17–18. Ms. Geisser objected to a deposition, claiming, among other things, that the Magistrate Judge overseeing the case's discovery somehow limited the scope of the Subpoenas. *Id.* at 16–17. In subsequent communications, Petitioners (i) explained that the Court did not limit their plan to depose the PI Firms about relevant, non-

6

privileged information; (ii) clarified that they agreed to—and promptly did within days of receiving the small productions—notify the PI Firms of their intent to seek depositions and would address scheduling issues informally; and (iii) reiterated their intent to seek only *non-privileged* testimony about communications with third parties regarding Mr. Morsberger's case. *See id.* at 11–16.

Over the course of a few weeks, Petitioners followed up with the PI Firms, repeating their request to schedule such depositions, stressing the then-operative August 29 close of discovery.[3] *Id.* at 8–11. In response, Ms. Geisser requested that the 30(b)(6) deposition topics be reduced or modified but ultimately confirmed that she would not comply with Petitioners' request for a deposition absent a court order, noting that the parties were at an impasse. *Id.* at 6–7, 9. Mr. Rafael confirmed the same on behalf of Rafael Law, LLC. *Id.* at 4.

On July 28, pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 104.7, the parties met and conferred, during which Petitioners reaffirmed that they are not seeking privileged information and that the depositions would be brief. Farrell Decl. ¶ 22. In response, Gilman & Bedigian, LLC and Rafael Law, LLC reiterated three prior objections to the subpoena, including that any deposition would invade on privileged information, attorney work product, and would be unduly burdensome. *Id.* The parties confirmed they were at an impasse, prompting Petitioners to file this motion to compel.[4] *Id.*

---

[3] On July 9, following a joint status report, Judge Weisman entered a minute order urging the Petitioners to "seek to enforce the subpoenas as soon as practicable." *See* Minute Entry, *Morsberger*, ECF No. 211.

[4] During this meet and confer, the PI Firms requested that Petitioners file any motion to compel in the District of Maryland. Farrell Decl. ¶ 22. Despite originally noticing the depositions to take place in Washington, D.C., which was within 100 miles the PI Firms' offices, Petitioners agreed to this request. *Id.* Based on discussions with the PI Firms, Petitioners expect that any deposition would take place in or near the PI Firms' offices. *See* Fed. R. Civ. P. 37 (a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.")

7

## LEGAL STANDARD

A party may issue a subpoena ordering nonparties to attend a deposition. Fed. R. Civ. P. 45. The scope of permissible discovery against nonparties under Rule 45 is the same as the scope of discovery under Rule 26. *Papanicolas v. Project Execution & Control Consulting, LLC*, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *2 (D. Md. Mar. 17, 2015). Thus, a party may seek via a Rule 45 subpoena "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a nonparty objects to the subpoena, the serving party may move for an order compelling the party to comply with the subpoena. Fed. R. Civ. P. 37(a).

There are some limitations on discovery from nonparties: the subpoenaed material must be relevant, the material cannot be privileged, the requested discovery must be proportional to the needs of a case, and the subpoena cannot subject the recipient to undue burden. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). The serving party has the "burden to establish its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted." *O'Malley v. Trader Joe's E., Inc.*, No. CV RDB-19-3273, 2020 WL 6118841, at *2 (D. Md. Oct. 15, 2020); *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000).

## ARGUMENT

### A.   The Testimony Petitioners Seek Is Relevant to Class Discovery

Relevancy has been construed to "encompass any possibility that the information sought may be relevant to the claim or defense of any party." *O'Malley*, 2020 WL 6118841, at *3 (citing *Revak v. Miller*, 7:18-CV-206-FL, 2020 WL 1164920, at *2 (E.D.N.C. Mar. 9, 2020)); *see also Papanicolas*, 2015 WL 1242755, at *2 (evidence is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence").

8

The PI Firms' interactions with ATI and other third parties while managing Mr. Morsberger's case is highly relevant to the underlying Action. Mr. Morsberger is a class representative in an action against ATI, alleging fraudulent billing practices. Class Plaintiffs argue that ATI failed to bill insurers despite representing that it would do so, and instead billed them the "rack-rates" rather than insurer-negotiated rates. Therefore, what the PI Firms communicated with the third-party tortfeasors who ultimately paid the bill for Mr. Morsberger's treatment—*especially Mr. Morsberger's settlement of charges with ATI*—is highly relevant to ATI's defense of the class action claims.

Discussions with third parties are particularly relevant in light of the Court's ruling on ATI's motion to dismiss. There, the Court permitted Mr. Morsberger's claims to proceed only to the extent they are premised on *"extra-contractual conduct,"* including "representations, advertisements, and communications regarding how insurance and billing would be handled." *Morsberger*, 2024 WL 308465, at *5. Thus, the PI Firms' informal communications with ATI and their understanding of ATI's policies through any "extra-contractual conduct" is plainly relevant. For example, Rafael Law ███████████████████████████████████████ ███████████████████████████████████ Ex. 9; testimony about this document and related non-privileged communications would shed light on how Rafael Law viewed the involvement of Mr. Morsberger's insurance in the settlement process, and how Rafael Law expected ATI to bill Mr. Morsberger.

Further, the PI Firms' settlement negotiations with third parties undoubtedly addressed medical expenses, including costs for physical therapy received from ATI. As personal-injury law firms, Gilman & Bedigian and Rafael Law presumably sought to secure the maximum possible recovery for Mr. Morsberger, which may have included medical charges billed at provider rack

9

rates instead of discounted amounts. In negotiating settlements with third-party tortfeasors and their insurers, the PI Firms may have discussed Mr. Morsberger's insurance coverage for medical expenses and how such costs would be considered in the overall settlement value, potentially including payment of rack rates rather than discounted amounts. It is also possible that these allegedly inflated ATI bills were used to negotiate for a higher total payout, thereby reducing the amount of damages Mr. Morsberger suffered because of the alleged fraud. This evidence could undermine Mr. Morsberger's adequacy as a class representative by undercutting any asserted reliance on ATI's representations and minimizing (potentially extinguishing) the purported damages resulting from the alleged fraud.

Finally, as a practical matter, the PI Firms' document productions fail to offer sufficient insight into their representation of Mr. Morsberger or their interactions with third parties, such as other insurance and healthcare providers. Without sufficient documents, the only way to obtain this discovery—which is critical for evaluating class certification and Mr. Morsberger's adequacy as a class representative—is through deposition testimony of the PI Firms.

### B. The Depositions Are Proportional and Not Unduly Burdensome for the PI Firms.

Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *O'Malley*, 2020 WL 6118841, at *3 (citing Fed. R. Civ. P. 26(b)(1)). The Petitioners' request to depose the PI Firms is proportional to the needs of class discovery and it would not be unduly burdensome to comply.

Deposition testimony of the PI Firms is necessary to bolster the dearth of written discovery ATI has received from both the PI Firms and the Class Plaintiffs.[5]  First, Mr. Morsberger has produced 35 documents in total, consisting primarily of his medical records, a few letters from his attorneys regarding his settlement, retainer agreements, consent forms, and documentation related to the damage to his vehicle.  Farrell Decl. ¶¶ 3–6.  Notably absent from his production is any meaningful information about his personal injury case, the settlement of that case, his or his attorneys' communications with ATI, or any other non-privileged materials relevant to ATI's defenses.  As a result, ATI has received little to no information from Mr. Morsberger concerning the central issues in the underlying Action.  Second, the PI Firms' 25-page and 84-page productions consist primarily of documents related to vehicle damage, release forms for medical and other records to insurers, some communications with ATI, and claims submitted to insurers. *Id.* ¶¶ 17–18.  But they do not include any information regarding settlement negotiations or communications with third-party tortfeasors.  These materials do not sufficiently address the Subpoenas' topics, especially the critical issues in the underlying Action.

Contrary to their claims, the burden on the PI Firms is minimal.  The scope of topics for examination is limited to their representation of Mr. Morsberger in a single action, correspondence related to that representation, and communications with Petitioners regarding billing practices. *See* Ex. 1, Ex. 2. The expected deposition testimony is therefore limited to a discrete set of information. ATI has explained that it does not expect the depositions to take a full seven hours, and, in fact, the recent deposition of the other Class Plaintiff's personal injury attorney took less than three hours total and was conducted over Zoom.  Farrell Decl. ¶ 21.  ATI has repeatedly demonstrated

---

[5] Notably, Petitioners have produced 33,447 documents in this matter, compared to 67 documents produced by Class Plaintiffs. Farrell Decl. ¶ 20.

11

its willingness to accommodate the PI Firms by offering flexibility and have consistently stated its willingness to discuss the PI Firms' concerns. Yet the PI Firms have not once elaborated on the supposed burden, nor have they identified a specific deposition topic that they have concerns about. The PI Firms have therefore not met their burden of demonstrating why a deposition should not be allowed. *See Tucker*, 191 F.R.D. at 498 ("The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence.").

The PI Firms have articulated no credible basis to claim undue burden. In fact, it is ATI's efforts to obtain the PI Firms' deposition testimony that has become unreasonably burdensome. Petitioners have now spent months attempting, largely in vain, to resolve the scheduling of the already-noticed Rule 30(b)(6) depositions. Despite multiple extensions, repeated meet-and-confer requests, and Petitioners' willingness to find convenient times and locations, the PI Firms have continued to argue that their minuscule production obviates the need for depositions and have stonewalled every effort to schedule depositions. Depositions, however, are crucial: Class Plaintiffs allege a multi-million-dollar amount in controversy, and testimony from the PI Firms is vital to ATI's defense in this matter. As the discovery cutoff approaches on October 31, 2025, ATI is left with little choice but to seek the Court's assistance, as good faith efforts to obtain the information critical to Petitioners' case have so far not been fruitful.

### C. Petitioners Have Repeatedly Assured the PI Firms That They Will Avoid Testimony Implicating Privilege or Ethical Concerns

From the start, the PI Firms have complained about questions regarding attorney-client privilege and ethical concerns over providing documents and testimony concerning their representation of Mr. Morsberger. *See* Ex. 4. Understanding that concern, ATI has repeatedly sought to alleviate those concerns by telling the PI Firms that it only seeks to obtain testimony

concerning the PI Firms' non-privileged communications with third parties and ATI. Not only that, but when Judge Weisman asked about the potential privilege issues, counsel for ATI explained they "would not expect [the PI Firms] to produce privileged communications." Ex. 7 at 9:19–22. Despite these assurances, the PI Firms remain unpersuaded and continue to hold up discovery on privilege grounds.

In fact, as shown by ATI's recent deposition of the other Class Plaintiffs' personal injury attorney, ATI's focus has been on non-privileged facts and third-party communications. ATI does not intend to invade on Mr. Morsberger's attorney-client privilege but has simply sought to obtain non-privileged information that it has been unable to receive through written discovery. And if a question is asked during the deposition that actually implicates privileged communications, the PI Firms are free to object and refuse to answer. But the suggestion that simply asking a question that *could* touch upon privileged communications invades on the privilege is inconsistent with how attorney-client privilege is preserved and what testimony ATI seeks.

Finally, during the July 28, 2025, meet-and-confer, the PI Firms noted vague concerns about the ethical implications of the deposition. Farrell Decl. ¶ 22. Although the PI Firms did not elaborate on this issue in detail, they seem to be claiming that any deposition testimony concerning matters relating to their clients would conflict with the Maryland Rules of Ethics. *See, e.g.*, Ex. 4 at 1. Maryland courts, however, have established that an attorney's ethical obligations are superseded by the duty to comply with discovery requests. *See, e.g., Parler & Wobber v. Miles & Stockbridge*, 359 Md. 671, 689–90 (2000) ("[R]elevant evidence sought through discovery, unless protected by the attorney-client privilege, must be produced and the ethical duty of confidence takes a back seat to the quest for truth"). The PI Firms' ethical concerns are therefore insufficient to preclude the requested deposition.

13

## CONCLUSION

For the foregoing reasons, ATI respectfully moves this Court to compel Gilman & Bedigian, LLC, and Rafael Law, LLC to appear for depositions, and for any other relief that it deems just and proper.

Dated: August 5, 2025                                   Respectfully submitted,

                                                        s/ *Chong S. Park*

                                                        Chong Park (D. Md. Bar # 17372)
                                                        Chong.Park@ropesgray.com
                                                        ROPES & GRAY LLP
                                                        2099 Pennsylvania Ave NW
                                                        Washington, DC 20006
                                                        Telephone: (202) 508-4600

                                                        Timothy R. Farrell
                                                        Timothy.Farrell@ropesgray.com
                                                        ROPES & GRAY LLP
                                                        191 North Wacker Drive, 31st Floor
                                                        Chicago, IL 60606
                                                        Telephone: (312) 845-1209

                                                        *Attorney for Petitioners*

## CERTIFICATE OF SERVICE

I, Timothy R. Farrell, hereby certify that, on August 5, 2025, the foregoing document was served via mail on the parties below pursuant to Fed. R. Civ. P. 5(b)(2)(C), as well as via email.

Lauren M. Geisser
lgeisser@gblegalteam.com
Gilman & Bedigian, LLC
1954 Greenspring Drive, Suite 250
Timonium, MD 21093
Telephone: (410) 560-4999

Elan B. Rafael
elan@rafaellaw.com
Rafael Law, LLC
3604 Eastern Avenue, Suite 100
Baltimore, MD 21224
Telephone: (410) 204-5411

Respectfully submitted,

Timothy R. Farrell
Timothy.Farrell@ropesgray.com
ROPES & GRAY LLP
191 North Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 845-1209

*Attorney for Petitioners*