IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ATI HOLDINGS, LLC; ATHLETIC & THERAPEUTIC INSTITUTE OF NAPERVILLE, LLC; ATI PHYSICAL THERAPY, INC.; and RAY WAHL, | * * * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action No. DRM-25-2621 |
| GILMAN & BEDIGIAN, LLC, and RAFAEL LAW, LLC, | * * * * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioners' Motion to Compel Deposition Testimony, ECF No. 1, and Respondents' Opposition and Cross-Motion for Protective Order, ECF No. 5. This miscellaneous action arises from *Morsberger et al. v. ATI Holdings, LLC et al.*, No. 1:22-cv-01181 (N.D. Ill.), a putative consumer fraud class action alleging that ATI Holdings, LLC ("ATI") improperly billed personal-injury patients directly rather than their health insurers, resulting in higher costs to the Plaintiffs. Respondents Gilman & Bedigian, LLC, and Rafael Law, LLC, previously represented Stanley Morsberger ("Morsberger"), one of the named plaintiffs in the Northern District of Illinois class action, in his underlying Maryland personal injury case. For the reasons explained herein, the Court GRANTS Petitioners' Motion. Respondents' Cross-Motion for Protective Order is GRANTED IN PART AND DENIED IN PART insofar as the Court places certain limitations on the scope of questioning.

**Factual and Procedural Background**

In March 2022, Morsberger, along with other Plaintiffs ("Class Plaintiffs"), filed a putative class action against ATI in the Northern District of Illinois, alleging various state and federal statutory and common law claims. These claims are premised on allegations that ATI failed to properly bill insurers for its patients seeking treatment following personal injury accidents. This allegedly resulted in patients paying the full, undiscounted price for ATI's services, rather than the rates negotiated with insurers. ECF No. 1-1 at 6.

On December 6, 2024, Petitioners served subpoenas and Rule 30(b)(6) deposition notices, seeking testimony and documents concerning Respondents' representation of Morsberger, their communications with ATI, insurers, and co-counsel, and the handling of medical bills and settlement funds. ECF No. 1-1 at 7. Petitioners believe that Class Plaintiffs' attorneys in their personal injury cases acted as their agents and may have waived, forfeited, or otherwise undermined Class Plaintiffs' theory of fraud. ECF No. 1-1 at 8. Petitioners also allege that Class Plaintiffs have only limited responsive documents in their possession. Specifically, Morsberger produced 35 documents in total. Petitioners argue that they need to supplement these productions by obtaining non-privileged documents from his personal injury attorneys. *Id.*

On February 4, 2025, Respondents sent a letter stating that Petitioners should withdraw their subpoenas, arguing that they violated ethical rules, were issued prematurely, were overbroad, and sought privileged and confidential information. ECF No. 1-1 at 9. On May 2, 2025, parties met and conferred, and the Respondents agreed to produce client case files with non-privileged communications. *Id.* Parties also agreed to "negotiate a reasonable time and place" for depositions, if it was determined that they were necessary. *Id.* In subsequent communications, the Respondents raised objections to the proposed Rule 30(b)(6) depositions. Specifically, they objected that the

proposed deposition topics would compel disclosure of attorney–client communications. On July 28, 2025, the parties agreed that they were at an impasse. ECF No. 1-1 at 10. On August 8, 2025, Petitioners filed the present Motion to Compel to ensure compliance with the subpoenas. Respondents opposed and cross-moved for a protective order under Rule 26(c). ECF No. 1 and 5. Respondents stated in their filing that "[t]he deposition sought by the ATI Parties can be for no justifiable purpose other than to seek to invade matters protected by the attorney-client privilege and work product and to harass Respondents." ECF No. 5 at 16.

On December 15, 2025, Petitioners filed a Motion to Supplement the Record in Support of their Motion to Compel, seeking to add deposition transcripts from November 6, 2025 that they contend revealed additional facts bearing on Respondents' role in the underlying Illinois class action, including Respondents' involvement in billing communications, settlement negotiations, and alleged potential conflicts of interest. ECF No. 21.

Respondents filed a response opposing supplementation, arguing that Petitioners lacked a legitimate basis to depose opposing counsel, that the relevant information was already available through the deponents themselves, and that the requested discovery improperly sought to circumvent privilege and ordinary discovery procedures. ECF No. 26. Petitioners filed a reply maintaining that Respondents had not meaningfully opposed supplementation and contending that later-developed deposition testimony further demonstrated the relevance of Respondents' knowledge regarding billing negotiations, their role in the underlying litigation, and issues bearing on class certification. ECF No. 29.

On January 27, 2026, Petitioners filed a Motion to Transfer their Motion to Compel to the Northern District of Illinois pursuant to Federal Rule of Civil Procedure 45(f), arguing that the issuing court's familiarity with the underlying class action, the impending discovery deadline, and

case-management considerations constituted exceptional circumstances warranting transfer. ECF No. 30. Respondents opposed transfer, arguing that exceptional circumstances were lacking and that Petitioners were attempting to circumvent ordinary discovery processes and improperly depose opposing counsel. ECF No. 31.

**Legal Standard**

As a preliminary matter, courts exercise broad discretion over discovery issues. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016) (*citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003)). Under the federal rules, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Such information "need not be admissible in evidence to be discoverable." *Id.* Motions seeking to prevent the taking of depositions are generally regarded unfavorably by the courts. *See Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009). The party seeking the deposition must "establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." *Allen v. TV One, LLC*, No. DKC-15-1960, 2016 WL 7157420, at *2 (D. Md. Dec. 8, 2016) (citing *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 86 (M.D.N.C. 1987)).

The attorney-client privilege "affords confidential communications between lawyer and client complete protection from disclosure." *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). When the attorney is to be deposed as a fact witness, and the deposition seeks relevant, nonprivileged information, "his or her deposition may be 'both necessary and appropriate.'" *Carr v. Double T Diner*, 272 F.R.D. 431 (D. Md. 2010) (quoting *N.F.A.*, 117 F.R.D. at 85 n.2); *see also* Jay E. Grenig & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery & Disclosure* § 5:6 (4th

ed. 2016) (citing *N.F.A.*, 117 F.R.D. at 85 n.2) ("The courts have recognized that if an attorney is a witness of or actor in prelitigation conduct, the attorney may be deposed the same as any other witness.").

Because the attorney-client privilege "impedes the full and free discovery of the truth," it must be "narrowly construed and recognized only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Id.* (internal quotation marks, citations & alterations omitted). *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, No. DKC-06-3177, 2007 WL 9780683, at *2 (D. Md. Apr. 26, 2007).

"The burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003) (citations omitted). "The proponent must establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *Id.*

**Analysis**

A. **Respondents' Relevance and Proportionality Arguments**

Respondents' general objections largely focus on privilege and burden. The Court finds that the disputed deposition topics seek information relevant to core issues in the underlying litigation, including whether Respondents, acting as Morsberger's agents, communicated or made representations concerning ATI's billing, and whether such communications affect Petitioners' defenses of voluntary payment, agency, waiver, or damages. ECF No. 8 at 8-12. Rule 26(b)(1) permits discovery of any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. Petitioners have met that burden. Respondents, by contrast, offer only conclusory assertions of privilege and burden without demonstrating specific harm or

undue expense. *See generally* ECF No. 5. Accordingly, the Court concludes that the information sought is relevant and proportional, subject to the privilege limitations and topic narrowing described elsewhere in this Opinion.

### B. Respondents' Argument Regarding Obtaining Discovery from Counsel

Respondents cite cases emphasizing the heavy burden a party must satisfy before deposing opposing counsel in the same litigation. *See, e.g.*, *Maxtena, Inc. v. Marks*, 289 F.R.D. 427 (D. Md. 2012); *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*, 2010 WL 2572809 (D. Md. June 22, 2010). Those decisions, however, are inapposite. As Petitioners correctly note, this case does not involve discovery directed at current litigation counsel, but rather at attorneys who previously represented a party in a different matter. The heightened "hoops" described in those cases, such as requiring the moving party to demonstrate necessity, exhaustion of other sources, and lack of privilege intrusion, are designed to prevent disruption of an ongoing attorney–client relationship or intrusion into an adversary's trial strategy. ECF No. 8 at 14–16. Courts have distinguished between depositions of current counsel and those of former counsel, holding that the latter are generally subject only to the ordinary discovery rules. *BB&T Corp. v. United States*, 233 F.R.D. 447, 449-50 (M.D.N.C. 2006) (noting that the "stringency" of the rule disfavoring depositions of a party's attorney "may not necessarily apply to the party's non-trial attorney, *i.e.* a former attorney or in-house counsel"); *City of Almaty, Kazakhstan v. Sater*, 2022 WL 769213, at *3 (S.D.N.Y. Feb. 24, 2022) (explaining that the "heightened showing" for deposing current counsel does not apply to former counsel whose representation has ended, as "the concerns about disrupting the attorney–client relationship and revealing litigation strategy are greatly diminished"); *In re Andre*, 2019 WL 6699958, at *2–3 (N.D. Cal. Dec. 9, 2019) (holding that subpoenas to former counsel were

permissible because the attorney was "a third-party witness with knowledge of past events" and not "trial counsel whose deposition would risk revealing current litigation strategy").

Here, Respondents represented Morsberger in a Maryland personal injury case that concluded before the current Illinois class action was filed. They are more akin to third-party witnesses to that earlier representation, not current litigation counsel. Therefore, the ordinary relevance and proportionality standards under Rule 26(b)(1) govern, not the exceptional standards applied to depositions of trial counsel.

### C. Respondent's Collateral Source Rule Argument

Respondents also argue that the information sought is barred by the collateral source rule, contending that ATI cannot use evidence of insurance payments to reduce any potential damages. ECF No. 5 at 24. The Court disagrees. The collateral source rule is a rule of evidence that governs admissibility at trial; it does not restrict discovery. *See Smith v. Teledyne Cont'l Motors, Inc.*, No. CV 9:10-2152-WOB-BHH, 2012 WL 12898822, at *1 (D.S.C. Aug. 22, 2012). The issue before this Court is whether Petitioners may obtain discovery into Respondents' communications with insurers concerning ATI's billing policies and the payment of Mr. Morsberger's invoices. Those communications may bear directly on issues of reliance, causation, and damages, regardless of whether any resulting evidence would ultimately be admissible at trial. Additionally, damages-related information is routinely exchanged between parties in discovery, even if it would later be inadmissible under the collateral source rule. Accordingly, the collateral source rule does not foreclose discovery in this case.

### D. Petitioners' Requests

The subpoenas seek testimony from Respondents concerning nine topic areas. Petitioners request testimony regarding (1) Respondents' relationship with Morsberger. This includes when

their representations began, how often Respondents communicated with Mr. Morsberger, the role Respondents played with respect to Mr. Morsberger's referral to ATI and the settlement of his personal injury claim, and the nature of Respondents' fee structure. Respondents object to this topic, arguing that it is not in dispute in the Illinois matter and that questions about the "subject matter of the attorney-client relationship" would violate the Maryland Rules of Professional Conduct and attorney-client privilege. ECF No. 5 at 25.

The Court agrees that certain aspects of this topic, such as the existence, scope, and duration of representation, are factual and not protected by privilege. However, questions probing the substance of legal advice, communications with the client, or reasoning underlying settlement strategy would violate the attorney-client privilege. Accordingly, this topic will be narrowed to permit testimony about the general nature of representation, fee structure, and referral to ATI, but not privileged advice or mental impressions.

Petitioners request testimony regarding (2) Respondents' communications with ATI or its representatives concerning Morsberger's accident or treatment and (3) their communications with ATI about ATI's billing policies and procedures. Respondents object to these requests because the "topic was satisfied" through document productions and any additional questions would violate the Maryland Rules of Professional Conduct and attorney-client privilege. ECF No. 5 at 25. Additionally, Respondents argue that Petitioners already possess the information they seek because it is within their custody. ECF No. 5 at 26. While Respondents contend that these topics have been "satisfied" through prior document productions, the Court finds that Petitioners may inquire about the authenticity and context of those documents, as long as their questioning does not wade into attorney decision-making, mental impressions, or the substance of privileged communications.

The Court is not presently convinced that Petitioners' questions about already-produced documents will automatically invade privileged areas.

Petitioners also seek testimony about (4) Respondents' communications with insurers regarding ATI's billing policies and procedures. This includes whether insurers told Respondents that Morsberger's claims had or should have been submitted. Respondents argue that Petitioners should "first attempt to seek this information from non-law firms, a necessary pre-requisite to seek fact work-product, which they failed to do." ECF No. 5 at 26. Respondents also argue that testifying regarding Topic (4) at a Rule 30(b)(6) deposition will require them to review "hundreds of thousands" of documents in order to adequately prepare their corporate representative. *Id.* This would be overly burdensome for Respondents and the Court agrees. Accordingly, the Court instructs Petitioners to narrow this topic by identifying in advance three specific insurers regarding which they seek testimony. Limiting the inquiry to three identified insurers strikes an appropriate balance between relevance and proportionality. If, after conducting this limited discovery, Petitioners determine that additional information is necessary, they may file a motion with the Court explaining, with *specificity*, why further testimony is warranted and how it cannot be obtained through less burdensome means.

Petitioners request testimony regarding (5) the settlement or resolution of claims arising from Morsberger's accident. Petitioners argue that settlement discussions are confidential, and any answers related to why an attorney settles a matter and takes certain steps are protected by attorney-client privilege. ECF No. 5 at 27. The information sought by the subpoenas is not automatically barred from discovery by virtue of being related to settlement. "Numerous courts in this District and in the Fourth Circuit have observed that there is no federal settlement privilege." *CX Reinsurance Co. Ltd. v. B&R Mgmt., Inc.*, No. ELH-15-3364, 2017 WL 11708397, at *1 (D. Md.

9

June 6, 2017) (citing *Phillips v. Ottey,* No. DKC 14-0980, 2016 WL 6582647, at *3 (D. Md. Nov. 7, 2016); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Porter Hayden Co.,* No. CCB-03-3408, 2012 WL 628493, at *3 (D. Md. Feb. 24, 2012); *Equal Rights Ctr. v. Archstone-Smith Trust,* 251 F.R.D. 168, 170 (D. Md. 2008).

Rather, "courts in this circuit have found that 'relevance not admissibility, is the appropriate inquiry with regard to whether or not the information sought . . . is discoverable.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 2012 WL 628493, at *3 (citing *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab.*, 171 F.R.D. 179, 181 (D. Md. 1997)). The Court disagrees with Respondents that all settlement-related testimony is categorically protected in this case. Petitioners seek information about how the claims were resolved and whether ATI's billing practices played a role in the settlement negotiations, which is relevant to the underlying litigation. Settlement discussions with an opposing party, or communications with third parties such as ATI who may have had a claim on settlement proceeds, are not protected by attorney-client privilege. By contrast, Petitioners may not inquire as to the attorneys' mental impressions, conclusions, opinions, or legal theories in settling the case, nor as to their attorney-client communications with Mr. Morsberger related to settlement. The Court otherwise grants the motion to compel as to this topic.

Petitioners seek testimony regarding (6) the receipt or payment of any bills or invoices from any Defendant in the underlying litigation for Plaintiff's treatment. Respondents object, arguing that Petitioners already possess this information, that any inquiry would necessarily relate to Respondents' representation of their client, and that questioning about how Respondents handled invoices would reveal attorney-client privileged communications and attorney work product.

The Court agrees that Petitioners likely already possess much of the underlying billing information. However, the fact that information exists elsewhere does not automatically preclude discovery where the testimony may clarify factual context. Questions limited to whether invoices were received, paid, or transmitted are factual in nature and do not implicate privilege. By contrast, questions probing Respondents' reasoning, legal advice to the client, or internal decision-making regarding payment would reveal attorney-client communications or opinion work product and are therefore impermissible. Accordingly, the Court will permit testimony limited to the factual receipt and payment of invoices but will prohibit inquiry into privileged communications or litigation strategy.

Petitioners also seek testimony regarding (7) Respondents' relationship with Grant & Eisenhofer P.A. or Gordon, Wolf & Carney, Chtd. Respondents object on the grounds that this topic was not identified as relevant in the Illinois proceedings, that any responsive information has already been informally provided, and that further questioning would implicate privileged strategic communications between counsel. The Court finds that the existence and general nature of any professional relationships, including referral arrangements and fee-sharing agreements, are factual matters and are not protected by privilege. However, inquiries into litigation strategy, communications between counsel concerning case strategy, or mental impressions would constitute protected work product. Accordingly, this topic will be permitted only as to the existence, timing, and general nature of any professional relationship, but not privileged communications or strategic discussions.

Petitioners further seek testimony regarding (8) documents, communications, or items produced in response to the subpoenas. Respondents object, arguing that any questioning about these materials would necessarily reveal attorney-client communications, work product, or

11

reasoning underlying the production. The Court concludes that testimony concerning the authentication of documents and the factual circumstances surrounding their creation or transmission is permissible. Such testimony is routinely allowed and does not, standing alone, implicate privilege. However, Respondents may not be compelled to explain why documents were created, what legal advice they reflected, or how they informed litigation strategy, as such inquiries would invade protected attorney-client communications and work product. Accordingly, the motion to compel will be granted as to authentication and factual context only.

Finally, Petitioners seek testimony regarding (9) the request for a billing discount sent to ATI on September 8, 2020. Respondents object on the grounds that any inquiry into this communication would necessarily involve attorney-client communications or work product concerning legal strategy and representation decisions. The Court finds that the existence of the request, its transmission, and the factual circumstances surrounding it are not privileged. The communication was directed to a third party and therefore does not fall within the scope of attorney-client privilege. However, Petitioners may not inquire into Respondents' internal reasoning, legal advice provided to their client, or strategic considerations underlying the request. Accordingly, the Court will grant the motion to compel as to this topic, subject to the same limitations protecting privileged communications and work product.

Respondents will retain the ability to object during the deposition if a question seeks privileged information, and the witness may decline to answer on that basis. If Petitioners dispute the applicability of privilege to any such question, they may file a renewed motion to compel, at which time the Court will review the disputed deposition transcript and rule on the issue with the benefit of a developed record.

### E. Petitioners' Motion to Supplement the Record and Motion to Transfer

The Court finds that supplementation is appropriate insofar as the proffered materials relate to the issues raised in the Motion to Compel and were developed after briefing commenced. Accordingly, the Motion to Supplement, ECF No. 21, will be granted. In light of the Court's resolution of the Motion to Compel, Petitioners' Motion to Transfer this matter to the Northern District of Illinois, ECF No. 30, will be denied as moot.

### ORDER

For the foregoing reasons, it is this 13th day of February, 2026, hereby ORDERED as follows:

Petitioner's Motion to Compel Deposition Testimony, ECF No. 1, is GRANTED. Gilman & Bedigian, LLC, and Rafael Law, LLC, shall appear for depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). Consistent with that rule, the choice of individual to designate as 30(b)(6) rests with the deponent organizations.

Respondents' Motion for Protective Order, ECF No. 5, is GRANTED IN PART and DENIED IN PART, as set forth more specifically *supra* in the limitations placed on questioning and, with regard to Topic 4, in the requirement that Plaintiffs identify for the deponents in advance three insurers on which they will seek testimony.

Petitioner's Motion to Supplement, ECF No. 21, is GRANTED.

Petitioner's Motion to Transfer, ECF No. 30, is DENIED AS MOOT.

/s/
Douglas R. Miller
United States Magistrate Judge
