**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ATI HOLDINGS, LLC; ATHLETIC & THERAPEUTIC INSTITUTE OF NAPERVILLE, LLC; ATI PHYSICAL THERAPY, INC.; and RAY WAHL,<br><br>Petitioners, | * | |
| v. | * | Civil Action No. DRM-25-2621 |
| GILMAN & BEDIGIAN, LLC, and RAFAEL LAW, LLC,<br><br>Respondents. | * | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR EXPENSES AND FEES**

Petitioners successfully moved to compel Respondent law firms to attend non-party depositions relating to their representations of a former client. Petitioners now seek an award of attorney fees and expenses. Because of the duties which the Maryland Attorneys' Rules of Professional Conduct impose on attorneys to protect client confidences, including the requirement to raise all nonfrivolous claims of attorney-client privilege, the Court finds that Respondents' objections to their deposition subpoenas were "substantially justified," even though not entirely successful, under the circumstances of this case. Fed. R. Civ. P. 37(a)(5)(A)(ii). The Court further finds that an award of fees would be unjust under Fed. R. Civ. P. 37(a)(5)(A)(iii), in light of Respondents' obligation to raise nonfrivolous claims of privilege under penalty of professional discipline and the public policy underlying that rule: to encourage attorneys to seek judicial clarification prior to disclosure. Accordingly, Petitioners' Motion for Expenses & Fees, ECF No. 34, will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from *Morsberger et al. v. ATI Holdings, LLC et al.*, No. 1:22-cv-01181 (N.D. Ill.) (the "underlying action"), a putative consumer fraud class action alleging that ATI Holdings, LLC ("ATI") improperly billed personal injury patients directly rather than their health insurers, resulting in higher costs to the plaintiffs. Respondents Gilman & Bedigian, LLC and Rafael Law, LLC, previously represented Stanley Morsberger ("Morsberger"), one of the named plaintiffs in the underlying action, in his Maryland personal injury case. Respondents are not parties to the underlying action.

Petitioners served Respondents with subpoenas and Rule 30(b)(6) deposition notices seeking testimony and documents concerning, among other things, Respondents' representation of Morsberger, communications with ATI and insurers, and the handling of medical bills and settlement funds. ECF No. 1-1 at 7. Respondents objected to the subpoenas on the grounds that they implicated ethical obligations, were overbroad, and sought privileged and confidential information. *Id.* at 9. The parties met and conferred, after which Respondents agreed to produce certain non-privileged materials from Morsberger's client files. The parties also agreed to negotiate a reasonable time and place for depositions if they were later determined to be necessary.

The parties subsequently remained unable to agree as to whether the Rule 30(b)(6) depositions should proceed or the permissible scope of those depositions, and agreed that they had reached an impasse. ECF No. 1-1 at 10. Petitioners then commenced this action by filing a Motion to Compel Deposition Testimony. ECF No. 1. Respondents opposed the Motion and filed a Cross Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c). ECF No. 5.

The Court granted Petitioners' Motion to Compel and granted in part and denied in part Respondents' Cross Motion for Protective Order. ECF No. 32; *ATI Holdings, LLC v. Gilman & Bedigian, LLC*, 2026 WL 411715 (D. Md. Feb. 13, 2026). The Court compelled Respondents'

attendance at the depositions, but imposed certain limitations on the scope of questioning, including restricting Petitioners to non-privileged topics and requiring Petitioners to identify three specific insurers regarding which they sought testimony, in order to lessen the burden of preparation. ECF No. 32 at 6, 9. The Court otherwise denied Respondents' request for a protective order. *Id.* at 13.

Petitioners subsequently filed the present Motion for Expenses and Fees pursuant to Rule 37(a)(5)(A). ECF No. 34. Petitioners seek $75,819.70 in attorneys' fees associated with 128.9 hours of work related to the Motion to Compel, together with any additional fees and expenses incurred through further briefing or argument on the present Motion. ECF No. 34-1 at 1-2. Respondents filed an opposition, ECF No. 37, and Petitioners filed a reply, ECF No. 38.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion compelling disclosure or discovery is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[1] *Asi v. Info. Mgmt. Grp., Inc.*, No. GLR-18-3161, 2019 WL 13255068, at *1 (D. Md. July 17,

---

[1] The Court assumes without deciding that Fed. R. Civ. P. 37(a)(5)(A) authorizes an award of fees and costs to the prevailing party in a motion related to a non-party deposition subpoena issued under Fed. R. Civ. P. 45. Petitioners cite several cases, all from the Eastern and Southern Districts of New York, in direct or analogous support of this proposition. ECF No. 34 at 3. *See New York v. Rinner*, No. 26-MC-00652, 2026 WL 530580, at *3 (E.D.N.Y. Feb. 25, 2026); *Sprint v. Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:14-mc-00247-P1, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014); *see also Williams v. AT&T Mobility LLC*, No. 5:19-CV-475-BO, 2022 WL 705912, at *2 (E.D.N.C. Feb. 18, 2022) (applying Rule 37(a)(5)(A) to motion to for contempt under Rule 45(g)). The only District of Maryland case cited by Petitioners is less directly on point. *See Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. ELH-21-0328, 2022 WL 1203652, at *24-25 (D. Md. Apr. 21, 2022) (applying Rule 37(a)(5) to motion for attorneys' fees connected with Rule 72(a)

2019). The Rule also provides, however, that the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

"Generally, 'a party meets the substantially justified standard when there is a genuine dispute or if reasonable people could differ as to the appropriateness of the motion." *Kemp v. Harris*, 263 F.R.D. 293, 296 (D. Md. 2009) (quoting *Peterson v. Hantman*, 227 F.R.D. 13, 16 (D.D.C. 2005)). "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, *Vollert v. Summa Corp.*, 389 F. Supp. 1348, 1352 (D. Haw. 1975), or even engaging in a legitimate dispute over the sequence of discovery. *Technitrol, Inc. v. Digital Equipment Corp.*, 62 F.R.D. 91, 93 (N.D. Ill. 1973)." *Id.* at 296–97. The party must, however, sufficiently argue that it was substantially justified in its actions. *Id.* at 297 (citing *Humphreys Exterminating Co. v. Poulter*, 62 F.R.D. 392, 394 (D. Md. 1974) (noting a party's failure to explain its inaction did not constitute "substantial justification")).[2]

**III. ANALYSIS**

Petitioners contend that they were the prevailing party in a motion to compel discovery under Fed. R. Civ. P. 37(a), that none of Rule 37(a)(5)(A)'s exceptions apply, and that the requested

---

objection to Magistrate Judge's order quashing Rule 45 document subpoena). Respondents do not challenge the applicability of Rule 37(a)(5)(A), and Petitioners urge that the issue is therefore waived. ECF No. 38 at 3. It is questionable whether Respondents' silence on this issue could permit an award of fees if the Court concluded that it would be categorically *ultra vires*. However, because the Court concludes that a fee award would be inappropriate under the facts of this case, it need not resolve the issue.

[2] If the court finds that a fee award is proper, it must next determine whether the requested amount is reasonable. *See Johnson v. O'Connell & Lawrence, Inc.,* No. DKC-21-2468, 2022 WL 1620014, at *2 (D. Md. May 23, 2022) (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). Because the Court does not find that a fee award is appropriate in this case, it will not address in detail the legal standard for determining reasonableness.

fees are reasonable, noting that they reduced their counsel's actual billing rates to rates derived from the Fitzpatrick Matrix, further reduced by five percent to account for differences between the Washington, D.C. and Maryland legal markets. ECF No. 34 at 3-4.

Respondents contend that an award is unwarranted because their objections to the subpoenas were substantially justified and because an award would be unjust in light of the Court's partial grant of their Cross Motion for Protective Order. ECF No. 37-1 at 8-15. They further argue that an award of fees would be unjust and violate public policy considering the obligations imposed, under pain of professional discipline, under the Maryland Attorneys' Rules of Professional Conduct. *Id*. at 16. Respondents alternatively argue that the requested fees should be substantially reduced because Petitioners have not adequately demonstrated that all claimed hours were reasonably expended in connection with the Motion to Compel or that the requested hourly rates are reasonable. *Id.* at 17-21. Respondents further challenge certain billing entries as vague or attributable to other filings, including Petitioners' Motion to Transfer, and contend that Petitioners failed to segregate time spent on issues on which they did not prevail. *Id.*

In reply, Petitioners maintain that Respondents' objections were neither substantially justified nor sufficient to render an award unjust and argue that their billing records adequately document reasonable time spent litigating the Motion to Compel. ECF No. 38 at 3-6. Petitioners also note that Respondents subsequently sat for their Rule 30(b)(6) depositions on March 4 and March 17, 2026, without any privilege dispute requiring further Court intervention. *Id*. at 1-2.

Respondents, two Maryland law firms, received deposition subpoenas in connection with a putative class-action litigation in another district, to which they were not parties[3], seeking

---

[3] As the Fourth Circuit has explained in a different context, non-party subpoena recipients "are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189

information about their representation of a former client. As Maryland law firms, Respondents' members were bound by Maryland Attorneys' Rule of Professional Conduct ("MARPC") 19-301.9(c)(2), which requires that:

> [a]n attorney who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: . . . reveal information relating to the representation except as these Rules would permit or require with respect to a client.

In other words, a Maryland attorney is bound by the same confidentiality rules with respect to both current and former clients. The operative rule is MARPC 19-301.6(a), which requires that "[a]n attorney shall not reveal information *relating to* representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by section (b) of this Rule." (Emphasis added.) One such permitted disclosure is "to comply with . . . a court order or other law," pursuant to section (b)(6). However, Comment 6 to MARPC 19-301.6 clarifies that:

> If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the attorney to the fullest extent practicable.

Comment 18 to MARPC 19-301.6 further provides, in relevant part, that:

> An attorney may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. Absent informed consent of the client to do otherwise, the attorney should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the

---

(4th Cir. 2019) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Accordingly, "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Id.* (quoting *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)).

> information sought is protected against disclosure by the attorney-client privilege or other applicable law.

In light of the expansive nature of the Rule and the clarifications provided in the comments, the Court finds that under the circumstances presented in this case, Respondents were "substantially justified" in objecting to their deposition subpoenas and taking the position that they could not sit for depositions until this Court ruled on their claims of privilege. Fed. R. Civ. P. 37(a)(5)(A)(ii).

Such claims must of course be "nonfrivolous." MARPC 19-301.6 cmt. 18. To this point, the Court notes that it narrowed or imposed limitations on each of the Rule 30(b)(6) topics, in all but one instance to exclude privileged or work-product protected areas that fell within the facial scope of the questions. ECF No. 32 at 8-12. (The other instance was to narrow a topic which the Court adjudged too burdensome for the 30(b)(6) witnesses to prepare on as drafted. ECF No. 32 at 9.)

Additionally, the Court notes that Respondents relied on District of Maryland cases in arguing that Petitioners had not satisfied special prerequisites attendant to deposing attorneys about client representations. *See* ECF No. 5 at 23, 29-30 (citing *Maxtena, Inc. v. Marks*, 289 F.R.D. 427 (D. Md. 2012), and *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*, No. WMN-08-0984, 2010 WL 2572809 (D. Md. June 22, 2010)). While the Court distinguished these cases as limited to depositions of current counsel in ongoing litigation, and thus found them inapposite to the situation at hand, it does not find that Respondents' arguments as to their applicability were frivolous. Accordingly, the Court finds that an award of fees is not permitted under Fed. R. Civ. P. 37(a)(5)(A)(ii).

The Court further finds that imposition of attorney fees would be unjust under Fed. R. Civ. P. 37(a)(5)(A)(iii). Comment 18 to MARPC 19-301.6 requires an attorney to assert not only those

claims of privilege that are certain or likely to succeed; it requires the assertion of even claims which are *unlikely* to succeed, so long as they are nonfrivolous. Here, the Court has found that the claims were nonfrivolous. But even if the Court had found them somewhat on the wrong side of the murky line between unlikely-to-succeed and frivolous, penalizing an attorney with a fee award because she slightly misjudged that boundary would be unjust, in light of the professional discipline she could face for *not* asserting those claims. *See* Md. R. 19-706(a) (providing penalties ranging from reprimand to disbarment or involuntary retirement for violations of the MARPC.) It would also frustrate the public policy underlying Comment 18 to MARPC 19-301.6, which is meant to encourage attorneys to protect client confidences by seeking judicial clarification prior to disclosure.[4] The Court therefore finds that an award of fees would also be inconsistent with Fed. R. Civ. P. 37(a)(5)(A)(iii).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Petitioners' Motion for Expenses and Fees, ECF No. 34, is DENIED.

Date: September 23, 2026

*/s/*
Douglas R. Miller
United States Magistrate Judge

[4] The Court does not mean to suggest that an award of fees is never appropriate against an attorney or law firm who unsuccessfully objects to a deposition subpoena regarding their representation of a client. Claims of privilege which are obviously frivolous—and which the deponent therefore could not reasonably fear professional discipline for not asserting—would not be "substantially justified" under Rule 37(a)(5)(A)(ii), and a resulting fee award would not be unjust under Rule 37(a)(5)(A)(iii).